UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Tammy A. Pingle,                                   Case No. 3:18-cv-1933

          Plaintiff

     v.                                           MEMORANDUM OPINION
                                                   AND ORDER

Commissioner of Social Security,

          Defendant

## I.    INTRODUCTION

Before me is the Report and Recommendation ("R & R") of Magistrate Judge Jonathan D. Greenberg. (Doc. No. 16). Judge Greenberg recommends I affirm the final decision of Defendant Commissioner of Social Security denying Plaintiff Tammy A. Pingle's applications for Period of Disability and Disability Insurance Benefits. (*Id.*). Pingle filed objections to the R & R, (Doc. No. 17), and the Commissioner filed a response, (Doc. No. 18).

## II.    BACKGROUND

After reviewing the R & R, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R, as there were no objections to these sections by Pingle. (Doc. No. 16 at 1-18).

## III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrate Judges Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509.

When reviewing those non-general objections, the district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### IV. DISCUSSION

In this case, Pingle cites no error by Judge Greenberg in her second objection. (Doc. No. 17 at 4-5). Since this is not an appeal of the R & R for my review, the general objection must be overruled.

As for the second objection, Pingle asserts Judge Greenberg "mischaracterized" the issue in upholding the ALJ's decision to give the state agency physicians' opinions "great weight." (*Id.* at 2). Pingle asserts her objection was not to the weight given to the opinion but instead the ALJ's failure to properly explain the deviations from these opinions given "great weight." (*Id.*). Judge Greenberg addressed this argument in his R & R, stating that the ALJ was not required to "'explain why he did

2

not adopt all of [the] limitations.'" (Doc. No. 16 at 48 (quoting *Hedick v. Berryhill*, 2018 WL 6348759, *6 (N.D. Ohio Nov.14, 2018), *report and recommendation adopted by* 2018 WL 6344611 (N.D. Ohio Dec. 4, 2018))). I agree with this statement generally. But because of Pingle's regrettably inartful argument in the merits brief, (Doc. No. 11 at 18-19), I find this statement alone does not address Pingle's overarching challenge to the ALJ's decision. Essentially, Pingle disputes not the ALJ's decision not to adopt the state physicians' opinions wholesale, but the ALJ's failure to properly consider all medical evidence in rendering the Residual Functioning Capacity ("RFC") decision.

As stated by Judge Greenberg in the R & R,

"In rendering his RFC decision, the ALJ must give some indication of the evidence upon which he is relying, and he may not ignore evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis." *Fleischer v. Astrue*, 774 F.Supp.2d 875, 880 (N.D. Ohio 2011) (citing *Bryan v. Comm'r of Soc. Sec.*, 383 Fed.Appx. 140, 148 (3d Cir. 2010) ("The ALJ has an obligation to 'consider all evidence before him' when he 'mak[es] a residual functional capacity determination,' and must also 'mention or refute [...] contradictory, objective medical evidence" presented to him.")). *See also* SSR 96–8p, at *7, 1996 SSR LEXIS 5, *20 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")).

(Doc. No. 16 at 41-42). In this case, I respectfully disagree with Judge Greenberg's conclusion that the ALJ complied with this procedural requirement when rendering the RFC decision.

Here, the ALJ determined Pingle could "frequently reach." (Doc. No. 10 at 26). His explanation of the RFC decision refers to Pingle's ability to "reach" twice. First, the ALJ provided the following explanation his decision to give "partial weight" to the opinion of Babatude Onamusi, M.D.:

While a finding of ability to perform work related activities at a light exertional level is supported by the objective record, additional postural limitations as well as limitations regarding reaching due to restriction in range of motion of the shoulders is appropriate to include in the residual functional capacity assessment.

3

(*Id.* at 28). Dr. Onamusi had stated Pingle "was able to reach forward, push or pull with the upper extremities." (*Id.* at 406). Second, the ALJ afforded "partial weight" to the opinion of David Houston, M.D., because "the extremely limited abilities noted by Dr. Houston are inconsistent with the record overall." (*Id.* at 30). One of these limitations was "[r]are reaching … with never reaching overhead." (*Id.*).

These reach-related opinions do not indicate why the ALJ determined Pingle could "frequently reach." Further, as Pingle highlights in her objections, the ALJ does not address the state agency physicians' opinions that Pingle was limited to "[o]ccasional overhead reach bilaterally." (*Id.* at 100, 116). Finally, as Pingle notes, the vocational expert testified that there is a material difference between "frequent" and "occasional" reaching as "occasional reaching" would be work preclusive. (*Id.* at 84).

Considering the above, I find the ALJ failed to apply the applicable procedural requirements and "build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir.1996)). First, the ALJ failed to indicate the evidence he relied on when determining Pingle could "frequently reach." Second, the ALJ ignored at least the state agency physicians' opinions and possibly others when rendering this decision that could have changed the analysis. Therefore, I am unable to review whether this decision was supported by substantial evidence and must reverse the decision and remand it for further proceedings.

## V. CONCLUSION

For the foregoing reasons, Pingle's second objection is overruled. But Pingle's second objection to the ALJ's RFC decision that Pingle could "frequently reach" is sustained. As such, I respectfully reject the R & R as it relates to this issue, (Doc. No. 16 at 48-50), and adopt the

4

remainder of the R & R, in full.  The Commissioner's decision is hereby reversed, and the matter is remanded for further proceedings.

    So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge